**Opinion issued July 2, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00294-CR

_____

**MARQUIS DWAINE VISER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 93282-CR**

---

## MEMORANDUM OPINION

Appellant Marquis Dwaine Viser was convicted on February 13, 2024, of the offense of unlawful possession of a firearm by a felon—enhanced. Appellant filed a pro se notice of appeal on April 12, 2024. On June 17, 2024, appellant filed a motion for an out-of-time appeal. We dismiss the appeal for lack of jurisdiction.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely filed, a notice of appeal must be filed either within 30 days after the trial court's judgment is signed, or within 90 days after the signing of the judgment if the defendant filed a timely motion for new trial. *See* TEX. R. APP. P. 26.2. If the notice of appeal is filed within 15 days of the deadline, an appellate court may grant an extension of time if a motion for extension is filed within 15 days of the deadline. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was filed 58 days after the judgment was signed. Neither the notice of appeal nor the motion was filed within 15 days of the deadline. Thus, appellant is not entitled to an extension under Rule 26.3 and this Court lacks jurisdiction. *See Olivo*, 918 S.W.2d at 522, 524; *Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op., not designated for publication).

Although appellant seeks an out-of-time appeal, this Court lacks jurisdiction to grant this relief. We "may obtain jurisdiction after those deadlines have passed if the Court of Criminal appeals grants the defendant the ability to pursue an out-of-time appeal." *See Kossie*, 2017 WL 631842, at *1–2. We have no authority to grant appellant an out-of-time appeal. *See Setzco v. State,* No. 10-22-00301-CR, 2022 WL 4376733, at *1 (Tex. App.—Waco Sept. 21, 2022, no pet.) (mem. op.,

not designated for publication); *Perez v. State*, No. 14-06-00091-CR, 2006 WL 1027058 at *1 (Tex. App.—Houston [14th Dist.] Apr. 20, 2006, pet. dism'd) (mem. op., not designated for publication).

Because we lack jurisdiction, we dismiss this appeal. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).